Filed 8/29/25  P. v. Evan CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSE FELIPE EVAN,<br><br>    Defendant and Appellant. | D084910<br><br><br>(Super. Ct. No. CR119743) |

APPEAL from an order of the Superior Court of San Diego County, Steven E. Stone, Judge.  Affirmed.

Jose Felipe Evan, in pro. per.; and Richard L. Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jose Felipe Evan appeals an order denying his petition for resentencing under Penal Code[1] section 1172.6.  His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Evan filed a supplemental brief.  We have reviewed the record and issues raised in

_____

[1]     Further undesignated statutory references are to the Penal Code.

Evan's supplemental brief. (*Id*. at p. 232.) We conclude the issues identified by Evan are not relevant to his eligibility for relief under section 1172.6. We affirm the order denying his petition for resentencing under section 1172.6.

In 1991, a jury convicted Evan of second degree murder (§ 187, subd. (a)); felon in possession of a firearm (§ 12021, subd. (a)); unlawful taking of a vehicle (Veh. Code § 10851, subd. (a)); receiving stolen property (§ 496.1); possession of a sawed-off shotgun (§ 12020, subd. (a)); and carrying a dirk or dagger (§ 12020, subd.(a)). The jury found true an allegation Evan personally used a firearm during the commission of the murder (§ 12022.5, subd. (a)). It also found Evan had suffered a prior serious felony conviction and a term of imprisonment (§§ 667, subd. (a); 667.5, subd. (b)). The court sentenced Evan to a total of 25 years to life for murder—which included enhancements for personally using a firearm and suffering a prior serious felony—plus 5 years 4 months for the remaining counts.

On direct appeal, we struck Evan's conviction for receiving stolen property because it was possible his convictions for unlawfully taking a vehicle and receiving stolen property resulted from the same act. We also reduced his prison term for unlawfully taking a vehicle from four years to three years because the statutory punishment for that crime was reduced before the judgment in his case became final. We affirmed the judgment in all other respects. (*People v. Evan* (June 8, 1993, D016002) [nonpub. opn.].)

In 2024, Evan filed a petition for resentencing under section 1172.6, asserting he could not be convicted of murder under a presently lawful theory of liability. He requested appointment of counsel. The court appointed counsel and set a prima facie hearing.

At the prima facie hearing, the court denied Evan's petition. Evan appealed.

2

Evan's appellate counsel filed a brief pursuant to *Delgadillo, supra*, 14 Cal.5th at pp. 231–232, indicating counsel thoroughly reviewed the record in this case and found no arguable issues. Counsel included a concise recitation of facts regarding the denial of the resentencing petition and identified the following issue to assist the court in its review: Did the court err in its determination of Evan's ineligibility for relief? Counsel recognized the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not apply in cases of appeals from denial of postconviction petitions for resentencing under section 1172.6 but requested on Evan's behalf that this court conduct an independent review of the record. (*Delgadillo,* at p. 222.)

Consistent with the procedure articulated in *Delgadillo*, we issued an order advising Evan of his right to file a supplemental brief. Evan filed a supplemental brief asserting his sentence should be modified under several other Penal Code sections and resentencing statutes that he alleges apply to his case. These issues are not related to his eligibility for relief under section 1172.6 and are not cognizable on appeal from the denial of his petition for resentencing under section 1172.6.

Our discretionary independent review of the record does not reveal any arguable issues for reversal of the order denying Evan's petition for resentencing under section 1172.6.

Evan had appointed counsel at the prima facie hearing, and his record of conviction establishes he is ineligible for relief as a matter of law. He could not have been convicted under a theory of imputed malice because the jury was not instructed on felony murder, the natural and probable consequences doctrine, or any other theory of imputed malice for the murder count. It is not sufficient that the jury was instructed on imputed malice theories for the

unlawful taking of a vehicle count because the instructions were limited to that other count. (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054–1059 [concluding the defendant did not make a prima facie showing of eligibility when the jury was instructed on the doctrine of natural and probable consequences for the crime of involuntary manslaughter but not for the crime of murder], overruled on another ground by *People v. Lewis* (2021) 11 Cal.5th 952, 961–962.) Because Evan could not have been convicted under a theory of imputed malice, he is ineligible for resentencing relief under section 1172.6.

DISPOSITION

The order denying Evan's petition for resentencing under section 1172.6 is affirmed.

BUCHANAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.